IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAMMY BONAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-024 |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. no. 23.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **GRANTED**.

**I.   BACKGROUND**

On April 24, 2020, the Court granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g), and on July 29, 2020, awarded Plaintiff $11,377.01 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. nos. 14, 22.) On October 25, 2021, Plaintiff filed a motion for attorney's fees in the amount of $18,723.13 pursuant to § 406(b) because the Administrative Law Judge awarded Plaintiff past due benefits on remand. (Doc. nos. 23, 23-1.) The Acting Commissioner asks the Court to deny the motion for attorney's

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Kilolo Kijakazi, Acting Commissioner of Social Security Administration, as the proper Defendant.

fees pursuant to § 406(b) as untimely. (Doc. no. 24.)

## II.  DISCUSSION

Federal Rule of Civil Procedure 54(d)(2) requires a motion for attorney's fees under § 406(b) to be filed within fourteen days "after entry of judgment." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006). However, it is unclear exactly when the clock commences because "the amount of fees owed under a contingency arrangement is not established [until] months after remand." Biltch v. Astrue, 261 F. App'x 241, 242 n.1 (11th Cir. 2008). Considering this, the Eleventh Circuit recommended district courts fashion a "general order or a local rule permitting district-wide application of a universal process for seeking fees under [406(b)]." (Id.) In fashioning such a general order or local rule, district courts should "keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants." Id. (citing Bergen, 454 F.3d at 1276).

This Court has no such local rule as suggested in Biltch v. Astrue, and the Court did not include in the reversal judgment a statement specifying a deadline for seeking attorney's fees under § 406(b). (Doc. nos. 14, 15.) The Social Security Administration issued its notice of award on August 26, 2021, and Plaintiff filed the instant motion sixty days later on October 25, 2021. (Doc. nos. 23, 23-2.)

The Acting Commissioner argues the time to file a motion for fees expired on May 8, 2020, fourteen days after the Court remanded the case on April 24, 2020, but more than one year before issuance of the award. (Doc. no. 24, p. 2.) If plaintiffs were expected to seek fees after entry of judgement but before issuance of the award, they "would be in the untenable position of seeking an award for fees that [they are] not yet entitled to, for an entirely undetermined amount, which cannot be reduced to judgment until some unknown future point

2

in time." Rosenthal v. Astrue, No. 5:10-CV-67-OC-10TBS, 2011 WL 6010348, at *1 (M.D. Fla. Nov. 30, 2011).

The better starting point is the award, and here Plaintiff's counsel sought fees within sixty days of that event. The Court previously held a motion for attorney's fees was timely when filed sixty days after the award, and it has no hesitation holding the present motion is timely as well. Van Tassel v. Saul, CV 119-108, doc. no. 23 (S.D. Ga. July 20, 2021), *adopted by*, doc. no. 25 (S.D. Ga. Aug. 12, 2021); see also, e.g., Adams v. Berryhill, CV 114-104, 2017 WL 2415645, at *1 (S.D. Ga. June 2, 2017) ) (allowing motion filed fifty-six days after notice of award); Doyle v. Saul, CV 117-144, 2020 WL 5984425, at *1 (S.D. Ga. Apr. 3, 2020) ) (allowing motion filed after fifty-two days), *adopted by*, 2020 WL 5985469 (S.D. Ga. Oct. 8, 2020). Thus, in light of this Court's precedent and Congress's intent to encourage attorneys to represent Social Security claimants, as well as in the absence of a local rule, standing order, or statement setting a specific deadline, this Court finds the motion timely. See Brown v. Astrue, CV 411-152, 2014 WL 4928880, at *2-3 (S.D. Ga. Sept. 30, 2014) (finding fee petition timely in absence of local rule, standing order, or statement setting specific deadline).

Finally, because an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, counsel shall refund the amount of the previously awarded EAJA fees to Plaintiff, as he acknowledges in his motion he must do. (Doc. no. 23-1, p. 2); see Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1274 (11th Cir. 2010); see also Paltan v. Comm'r of Soc. Sec., 518 F. App'x 673, 674 (11th Cir. 2013).

### III.   CONCLUSION

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorney's fees under § 406(b) be **GRANTED**, (doc. no. 23), and

3

Plaintiff be awarded attorney's fees, subject to the requisite refund of the prior EAJA award as described above, in the amount of $18,723.13.

SO REPORTED and RECOMMENDED this 4th day of November, 2021, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4